Skip to Main Content Logout My Account Search Menu Search Refine Search  Back Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. D-307-CV-2020-01556

| | | | |
|---|---|---|---|
| Jake Russell Meeker v. Walmart Inc. | | § | |
| | | § | Case Type: **Miscellaneous Civil** |
| | | § | Date Filed: **07/29/2020** |
| | | § | Location: **3rd District** |
| | | § | Judicial Officer: **Martin, James T.** |
| | | § | |
| | | § | |

---

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| | | | **Attorneys** |
| **Defendant** | **Walmart Inc.** | | **Jose A. Gonzalez** |
| | | | *Retained* |
| | | | 915-533-4424(W) |
| | | | |
| | 726 E. Michigan Suite 330 | | |
| | Hobbs, NM 88240 | | **Clara B. Burns** |
| | | | *Retained* |
| | | | 915-533-4424(W) |
| | | | |
| | | | ~~Pro Se~~ |
| | | | |
| **Plaintiff** | **Meeker, Jake Russell** | | **Concepcion J. Flores** |
| | | | *Retained* |
| | | | 575-222-1000(W) |

---

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

| | |
|---|---|
| 02/01/2021 | **Dismissal for Lack of Prosecution** (Judicial Officer: Martin, James T.) |

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 07/29/2020 | **Cause Of Actions** | Other Damages |
| | Action Type | Action |
| 07/29/2020 | **Cause Of Actions** | Statutes, Ordinance Violations, Miscellaneous |
| | Action Type | Action |
| 07/29/2020 | **OPN: COMPLAINT** | |
| | *Plaintiffs' Original Complaint* | |
| 07/29/2020 | **JURY DEMAND 6 PERSON** | |
| | *Plaintiffs' Jury Request for a Six (6) Person Trail* | |
| 07/30/2020 | **DCM (Differentiated Case Management) Scheduling Order** (Judicial Officer: Martin, James T. ) | |
| | *Order Requiring Scheduling Reports, a Discovery Plan, Expert Witness Disclosure, and Limiting Stipulations to Enlarge Time for Responsive Pleadings* | |
| 07/30/2020 | **Summons** | |
| | Walmart Inc. | Unserved |
| 02/01/2021 | **CLS: DISMISSAL BY LACK OF PROSECUTION** (Judicial Officer: Martin, James T. ) | |
| | *Disposition Order for Lack of Prosecution* | |
| 02/26/2021 | **MTN: TO REINSTATE** (Judicial Officer: Martin, James T. ) | |
| | *Plaintiffs' Unopposed Motion to Reinstate Dismissed Case* | |
| 02/26/2021 | **CERTIFICATE** | |
| | *Rule 1-099 - Attorneys Certificate* | |
| 04/06/2021 | **RPN: REOPEN NO FEE REQUIRED** (Judicial Officer: Martin, James T. ) | |
| | *ORDER GRANTING UNOPPOSED MOTION TO REINSTATE DISMISSED CASE* | |
| 04/13/2021 | **ANSWER** (Judicial Officer: Martin, James T. ) | |
| | *Defendant's Original Answer* | |
| 04/13/2021 | **ENTRY OF APPEARANCE** (Judicial Officer: Martin, James T. ) | |
| | *Entry of Appearance ~ Clara B. Burns obo Walmart Inc.* | |
| 04/13/2021 | **JURY DEMAND 6 PERSON** | |
| | *Defendant's 12 person Jury Demand* | |
| 05/27/2021 | **ORD: STIPULATED** | |
| | *STIPULATED PROTECTIVE ORDER* | |
| 05/27/2021 | **COURT'S NOTICE** | |
| | *NOTICE OF INTENT TO DISMISS* | |
| 05/28/2021 | **CERTIFICATE OF SERVICE** | |
| | *Certificate of Service* | |
| 06/08/2021 | **DCM (Differentiated Case Management) SCHEDULING REPORT** | |
| | *Joint Scheduling Report Stipulating to Track C* | |
| 06/30/2021 | **CERTIFICATE OF SERVICE** | |
| | *Certificate of Service* | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** Walmart Inc. | | | |
| | Total Financial Assessment | | | 150.00 |
| | Total Payments and Credits | | | 150.00 |
| | **Balance Due as of 07/22/2021** | | | **0.00** |
| 04/15/2021 | Transaction Assessment | | | 150.00 |
| 04/15/2021 | File & Serve Payment | Receipt # LCRD-2021-2264 | Walmart Inc. | (150.00) |

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Meeker, Jake Russell | | | |
| | Total Financial Assessment | | | 282.00 |
| | Total Payments and Credits | | | 282.00 |
| | **Balance Due as of 07/22/2021** | | | **0.00** |
| 07/29/2020 | Transaction Assessment | | | 282.00 |
| 07/29/2020 | File & Serve Payment | Receipt # LCRD-2020-5599 | Meeker, Jake Russell | (282.00) |

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
7/29/2020 3:46 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Yessenia J. Canales

**STATE OF NEW MEXICO**
**COUNTY OF DONA ANA**
**THIRD JUDICIAL DISTRICT**

**GRACIE GOMEZ-MEEKER, and**
**RUSSELL MEEKER, GUARDIANS OF**
**JAKE RUSSELL MEEKER,**

      **Plaintiff,**

**v.**                                    Case No.: D-307-CV-2020-01556
                                                 Martin, James T.

**WALMART INC.,**

      **Defendant.**

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

      COME NOW Gracie Gomez-Meeker, and Russell Meeker, guardians of Jake Russell

Meeker, hereinafter called Plaintiffs in the above-styled and numbered case, and files this

Original Complaint against Walmart Inc. (hereinafter called "Defendant"), and would

respectfully show the Court as follows:

### I.  PARTIES

    1.     Plaintiffs Gracie Gomez-Meeker, and Russell Meeker, guardians of Jake Russell

Meeker are residents of Las Cruces, New Mexico. Plaintiffs are citizens of the State of New

Mexico.  Jake Russell Meeker was an employee within the meaning of the New Mexico Human

Rights Act, codified at N.M. Stat. Ann. § 28-1-1 (1978), et seq.

    2.     Defendant Walmart Inc. is a foreign Corporation doing business in Dona Ana

County, New Mexico and may be served with process by serving its registered agent, Corporation

Process Company, or any other authorized officer or agent therein at 726 E. Michigan, Suite 330,

Hobbs, New Mexico 88240 and/or wherever it may be found.

YJC

## II.   JURISDICTION AND VENUE

3.      Venue is proper in this Court because a substantial portion of the acts and omissions complained about occurred in Dona Ana County, New Mexico.

## III.   ADMINISTRATIVE PREREQUISITES

4.      Plaintiffs have met all administrative prerequisites for bringing this action against Defendant.  On June 24, 2019, Jake Russell Meeker filed a charge of discrimination with the New Mexico Human Rights Bureau, ("NMHRB"), and U.S. Equal Employment Opportunity Commission ("EEOC"), EEOC# 39B-2019-00848 against Defendant.  On May 11, 2020 NMHRB issued a Determination of No Probable Cause and notice to file suit.

## IV.   FACTS

5.      On or about November 2018, Jake Russell Meeker began working for Defendant Walmart Inc., and has worked in the following positions: Cart Pusher. Throughout Jake Russell Meeker's tenure with Defendant, he received favorable periodic evaluations, and he did not receive any written or verbal complaints.

6.      In NMHRB's Determination of No Probable Cause it is duly noted that Plaintiff's guardian Gracie Gomez-Meeker reported disparate treatment based on his disability. This treatment included how and when he could take his breaks.

7.      Plaintiff's Guardian Gracie Gomez-Meeker further complained that Plaintiff's reporting of the disparate treatment resulted in retaliation. Other cart pushers were permitted to take breaks, while Jake Russell Meeker was not afforded the same opportunity.

8.      In December 2018 Plaintiff's Guardian Gracie Gomez-Meeker spoke to Chenoa Archuleta ("Archuleta") to remind her of Jake Russell Meeker's disability. To this she responded that she did not need to be reminded of his disability.

9.     In January 2019, just one month later, Archuleta threatened to write Jake Russell Meeker up. While Plaintiff's guardian Gracie Gomez-Meeker again spoke to Archuleta about the disparate treatment Archuleta replied that she had no knowledge of disparate treatment despite having spoken to her about it.

10.     Customer Service Manager, Jasmine yelled at Jake Russell Meeker about the manner and timing of the other cart pushers took breaks, called him a "stupid white bitch. . .slow lazy cart pusher". Jasmine then struck Jake Russell Meeker on the butt and said "Walmart should not hire retarded people".

11.     Plaintiff's guardian Gracie Russell Meeker requested that Plaintiff be transferred to the grocery department as a stock person. Jake Russell Meeker submitted a two weeks notice of resignation on February 19, 2019 with a constructive discharge date of March 3, 2019. On March 1, 2019, Jake Russell Meeker was terminated.

## V.     CAUSES OF ACTION

### COUNT I.
### DISCRIMINATION UNDER
### THE NEW MEXICO HUMAN RIGHTS ACT

12.     The aforementioned acts of Defendant violated the New Mexico Human Rights Act. Defendant intentionally discriminated and retaliated against Jake Russell Meeker and then discharged Jake Russell Meeker because of his mental handicap or serious medical condition that substantially limits one or more of Jake Russell Meeker's life activities. Jake Russell Meeker's mental handicap was well known, and explained on multiple occasions to Defendant. See NMSA § 28-1-7 (A) (1978).

13.     The above described conduct of Defendant violated the New Mexico Human Rights Act. Defendant intentionally refused or failed to accommodate Jake Russell Meeker's mental handicap or serious medical condition that was not unreasonable or an undue hardship. See NMSA § 28-1-7 (J).

## COUNT II.
## COMMON LAW TORT OF RETALIATORY DISCHARGE

14.     The aforementioned acts of Defendant constitute unlawful retaliatory discharge against Jake Russell Meeker for exercising his rights.

15.     In the event Plaintiffs are successful under Count I as described above, Plaintiffs also assert a common law tort of retaliatory discharge.

16.     The New Mexico Human Rights Act (NMHRA) constitutes a clear mandate of this State's public policy against unlawful discriminatory practices.  It protects employees against employer actions that contravene this State's public policy against discrimination.

17.     Specifically, the NMHRA includes, an individual's mental handicap and race among the categories protected by public policy against discrimination in employment.  See NMSA § 28-1-7(A) (1978).

18.     Furthermore, the NMHRA also makes it unlawful for an employer to engage in any form of threats, reprisal or discrimination against any person who has opposed any unlawful discriminatory practice or has filed a complaint, testified or participated in any proceeding. See NMSA § 28-1-1 (1978).

19.     In *Grandy v. Wal-Mart Stores, Inc.*, 117 N.M. 441, 872 P.2d 859 (1994), the New Mexico Supreme Court held that the tort of retaliatory discharge may be based on a violation of one of the public policy mandates set out in the New Mexico Human Rights Act.

20.     As outlined above, Plaintiffs allege the foregoing conduct of Defendant, amounted to discrimination in violation of the NMHRA.   The conduct which Plaintiffs complain about violates the NMHRA, and as a consequence violates the public policy of the State of New Mexico.

21.     Due to Defendants' wrongful termination of Jake Russell Meeker in contravention of the stated public policy of the State of New Mexico, Plaintiffs have suffered damages.

22.     To establish a claim for retaliatory discharge, an employee must demonstrate that:

he was discharged because he performed an act that public policy has authorized or would encourage, or because he refused to do something required of him by his employer that public policy would condemn… The employee must also show a casual connection between his actions and the retaliatory discharge by the employer.

23.     *Shovelin v. Cent. N.M. Elec. Co-op., Inc.,* 115 N.M. 293, 303, 850 P.2d 996, 1006 (1993) (internal quotation marks and citation omitted). "The linchpin of a cause of action for retaliatory discharge is whether by discharging the complaining employee violated a clear mandate of public policy." *Id.*  (internal quotation marks and citation omitted). Jake Russell Meeker through his guardian Gracie Gomez-Meeker had lodged a complaint of the disparate treatment, racial and handicap slurs, and submitted a two weeks resignation.  Instead of fulfilling his notice of resignation, he was terminated by Defendant.

## VI.
## DAMAGES

24.     Jake Russell Meeker has not been able to obtain alternate employment which compensates him at the pay rate which he earned while employed by Defendant or provides the same benefits he earned while employed by Defendant.  As a matter of reasonable probability, Jake Russell Meeker will be unable to obtain such alternate employment for a period of time in

the future. Jake Russell Meeker has therefore sustained damages in the form of lost wages in the past and lost wages in the future, as well as the loss of past and future benefits of employment.

25.     As a direct and proximate result of Defendant's conduct described herein, Plaintiffs have suffered and will continue to suffer emotional pain, inconvenience, mental anguish, and a loss of enjoyment of life, and as a matter of reasonable probability, Plaintiffs will continue to experience emotional pain, inconvenience, mental anguish, and loss of enjoyment of life for a period of time in the future. Plaintiffs have further suffered additional consequential damages.

26.     With respect to Count II only, Plaintiffs request punitive damages against Defendant. Plaintiffs would show that Defendant engaged in a discriminatory conduct with malice or with reckless indifference to the legally-protected rights of Jake Russell Meeker.  Plaintiffs would further show that Defendant's intentional and outrageous conduct which caused him severe emotional distress entitles him to punitive damages.  Plaintiffs request punitive damages in addition to his back pay, interest on back pay, or other relief authorized by law.

## VII.
## JURY REQUEST

40.     Plaintiffs request trial by jury on the issues in this case.

## VIII.
## ATTORNEY'S FEES FOR CLAIMS BROUGHT UNDER
## THE NEW MEXICO HUMAN RIGHTS ACT

27.     Plaintiffs have been forced to retain the undersigned counsel to protect and enforce his rights, and has incurred the obligation to pay reasonable and necessary attorney's fees. Plaintiffs are requesting attorney's fees for his representation in this matter.

## IX. PRAYER

28.      **WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that Defendant be cited to appear and answer and that upon final hearing he obtain judgment providing them with all damages sought herein, pre-judgment interest, post-judgment interest, reasonable and necessary attorney's fees and for such other relief and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA P.C.**

**CONNIE J. FLORES**
New Mexico State Bar No.: 26531
1485 N. Main Street, Suite B
Las Cruces, New Mexico 88001
(575)222-1000- voice
(575)652-7452- facsimile
Cflores@ftalawfirm.com

**ATTORNEY FOR PLAINTIFF**

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
7/29/2020 3:46 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Yessenia J. Canales

**GRACIE GOMEZ-MEEKER, and**
**RUSSELL MEEKER, GUARDIANS OF**
**JAKE RUSSELL MEEKER,**

   Plaintiff,

v.          Case No.: D-307-CV-2020-01556

             Martin, James T.

**WALMART INC.,**

   Defendant.

## PLAINTIFF'S JURY REQUEST

  On this _____ day of July 2020, Plaintiffs respectfully request a trial by a six (6) panel

jury.

           Respectfully submitted,

           FLORES, TAWNEY & ACOSTA P.C.

           CONNIE J. FLORES
           New Mexico State Bar No.: 26531
           1485 N. Main Street, Suite B
           Las Cruces, New Mexico 88001
           (575)222-1000- voice
           (575)652-7452- facsimile
           Cflores@ftalawfirm.com

           ***ATTORNEY FOR PLAINTIFF***

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
7/30/2020 2:44 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Yessenia J. Canales

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

JAKE RUSSELL MEEKER.,

                      Plaintiff,

V.                                                    Case No    D-307-CV-2020-01556

                                                     Judge

WALMART Inc.,                                        **Martin, James T.**

                  Defendant.

## ORDER REQUIRING SCHEDULING REPORTS, A DISCOVERY PLAN, EXPERT WITNESS DISCLOSURE, AND LIMITING STIPULATIONS TO ENLARGE TIME FOR RESPONSIVE PLEADINGS

IT IS SO ORDERED:

A.     Plaintiff shall serve a copy of this order on each defendant with the summons and complaint and file a certificate of such service. Parties other than plaintiffs who assert claims against others who have not been served with this order shall serve a copy of this order on those against whom they assert claims with the pleading asserting such claims and shall file a certificate of such service.

B.     Within sixty (60) calendar days after the initial pleading is filed, parties of record shall file a scheduling report with copies to opposing parties and the assigned judge. Parties shall confer and are encouraged to file a Joint Scheduling Report, LR3-Form 2.12 NMRA for Track A or LR3-Form 2.13 for Tracks B and C, or, if they cannot agree, file an individual Scheduling Report, LR3-Form 2.13 NMRA. *See* copies of forms attached hereto.

C.     Any party who enters an appearance in the case more than sixty (60) calendar days after the filing of the initial pleading shall file a scheduling report within ten (10) business days and deliver a copy to the assigned judge.

D.   If all parties are not of record within sixty (60) calendar days of the filing of the initial pleading, the party making claims against the absent parties *(Plaintiff for Defendants, Third-Party Plaintiffs for Third-Party Defendants, etc.)* shall, within five (5) business days after the sixtieth (60th) day, file and serve parties of record and deliver to the assigned judge, a written explanation why the case is not at issue and how much time is needed before the case will be at issue. The notice shall be titled "Delay in Putting the Matter at Issue."

E.   Counsel or parties who do not have attorneys may not stipulate to an enlargement of time greater than fourteen (14) calendar days for the filing of a responsive pleading without a motion and order. The motion shall state with particularity the reason(s) an enlargement is in the best interests of the parties. A copy of the motion and stipulation shall be delivered to all parties as well as counsel. The enlargement requested shall be for a specified time.

F.   When all parties have been joined and the case is at issue, the parties shall immediately notify in writing the assigned judge and the alternative dispute resolution coordinator.

G.   If appropriate, the court will refer this matter to settlement facilitation under Part VI of the Local Rules of the Third Judicial District Court.

H.   Within seventy-five (75) calendar days from the date the initial pleading is filed, or fifteen (15) calendar days after the parties alert the Court that the case is at issue, the parties shall either:

(1)   stipulate to a discovery plan and file the stipulation with the court, or

(2)   request a hearing to establish a discovery plan pursuant to Paragraph F of Rule 1-026 NMRA.

(3)   In the absence of a stipulated discovery plan or a timely request from a party for a hearing to establish a discovery plan, the following plan shall go into effect:

Within one hundred (100) calendar days after the initial pleading was filed or fifteen (15) calendar days after a party has entered the suit, whichever is the later date, each party shall provide to all other parties:

a.   The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed issues raised by the pleadings, identifying the subjects of the information;

b.  A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed issues raised by the pleadings;

c.  A computation of any category of damages claimed by the disclosing party, providing copies or making available for inspection and copying the documents or other evidentiary materials and medical records and opinions, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

d.  For inspection and copying, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;

e.  If the medical condition of a party is at issue, such party shall give a medical release authorization to opposing parties. The parties shall confer regarding the nature and extent of the release and stipulate, if possible. If the parties cannot agree, each party shall file a memorandum with a proposed medical release authorization advocating that party's proposed form to the court. A copy of the memorandum and proposed form shall be delivered to the assigned judge. Rule 1-007.1 NIMRA shall apply.

I.  Pursuant to Rule 1-026(E) NMRA, parties shall reasonably supplement discovery required in Subparagraphs (3)(a) through (e) of Paragraph H of this Order.

J.  Intent to Call Expert Witness - Disclosure. All parties shall exchange a "Notice of Intent to Call Expert Witness(es)" listing the names, addresses and phone numbers for all anticipated experts, including a brief summary of the subject matter of each witness' testimony. If an expert has not yet been identified by a party, the parties must list the specialized area(s) in which an expert is anticipated to be retained and a brief summary of the areas or issues on which the expert is expected to testify.

With respect to each expert listed, all parties are to observe their continuing duty to timely supplement discovery and shall further abide by the requirements of Section 8 of the attachment to the Rule 16(B) Scheduling Order.

DISTRICT COURT JUDGE

Delivered to Plaintiff on Thursday July 30th, 2020

David S. Borunda
Clerk of the District Court

Deputy

LR3-Form 2.12

Supreme Court Approved
August 6, 2004

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRDJUDICIAL DISTRICT COURT

Plaintiff

vs.

NO.: D-307-CV
Judge:

Defendant

JOINT SCHEDULING REPORT STIPULATING TO TRACK A

Come now all the parties to this case, (by their counsel of record) and stipulate as
follows:

1    The court has subject matter and personal jurisdiction, and venue is proper.

2    This case is appropriate for assignment to Track A

3    The parties do not intend to amend the pleadings or file dispositive motions

4    All parties will be ready for trial *by_____(no more than six (6) months from*
     *filing of complaint)*

5    Witness lists will be exchanged and filed forty-five (45) days before trial

6    Discovery limited to interrogatories, requests for production and admission and no more
     than two (2) depositions per party.

7    All parties and counsel will either (a) select a facilitator by agreement of the parties, or
     (b) request the court's ADR coordinator to select a facilitator and will engage in a
     settlement conference within ninety (90) days from the date of the filing of the complaint.
     The parties may move for enlargement of time for the settlement conference for good
     cause shown The parties shall share the facilitator's fee, if any, equally.

8. Exhibits: exchanged at least fifteen (15) days before trial.

   This Gury____    6 ____      12 nonjury ____    ) matter will take_____hours to try.

9. Conflicting court hearings (or other conflicts which show good cause for not setting trial)

   for two (2) months following the date the matter is ready for trial:

   _____

   _____

10. Other: _____

SUBMITTED BY:

Name of party:        _____
Attorney:             _____
Address:              _____
                      _____
Telephone Number      _____


Name of party:        _____
Attorney:             _____
Address:              _____
                      _____
Telephone Number      _____

### CERTIFICATE OF MAILING

I HEREBY CERTIFY that I mailed, delivered or faxed a copy to the assigned judge and each
party or each party's attorney on the___    day of _____,20 ___  _

                      _____
                      Signature

LR3-Form 2.13. (_____'s) Goint) scheduling report.

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

, Plaintiff

vs.

NO.: D-307-CV

Judge:

, Defendant

(_____'S) (JOINT) SCHEDULING REPORT

1. This case should be assigned to Track_____
2. Jurisdiction and Venue:_____Stipulated;_____Disputed;
   Why:_____
3.        NonJury;        6-personjury;_____12-person jury.
4. Significant legal issues, if any:  _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
   _____

5. Trial witnesses presently known (defendant's, plaintiffs, etc.): _____
   State expert type: _____
6. Settlement
   _____[I] [We] have sufficient information to evaluate the case. ·
   _____[I] [WeJhave provided sufficient information for opposing parties to evaluate the case.
   _____[I][We] need the following information from_____to evaluate the case:  _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
   _____
   _____ [I] [We] need the following discovery to obtain information sufficient to evaluate the case:
                                        Explain why such information cannot be obtained informally without formal discovery:
   _____
   _____[I] [We] have scheduled a settlement conference on _____,20__ _
   with_____(facilitator) or have requested the court's ADR coordinator to refer to facilitation.
                           Or
   _____ [I] [We] request that this not be referred to facilitation because:
   _____
   The possibility of settlement is_ _ **good,**_____fair,_____poor.

7. Discovery:

[I] [We] estimate it will take_____months to complete discovery. *(Attach discovery plan if stipulated, or request for setting a discovery conference if wanted)* If any party requests a discovery conference, answer the following:

The party submitting this scheduling report intends to do the following discovery:

_____
*(If this is a joint scheduling report, each party shall answer this question.)*
[Plaintiff] [Defendant] intends to do the following discovery:

_____

8. [I] [We] estimate that trial will take    court days to try-

9. Dates counsel will not be available for trial due to the following conflicting court settings *(beginning with the date immediately following the time you estimate discovery will be completed).*_____

10. Stipulations: _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

1 1. Other:

_____


SUBMITTED BY:

Name of party:            _____

Attorney:                 _____

Address:                  _____
                          _____

Telephone  Number         _____


Name of party:            _____

Attorney:                 _____

Address:                  _____
                          _____

Telephone  Number         _____


CERTIFICATE  OF  MAILING


I HEREBY CERTIFY that I mailed, delivered or faxed a copy to the assigned judge and each party or each party's attorney on the___  day of_____20_____   _


                          _____
                          Signature

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT

GRACIE GOMEZ-MEEKER, and
RUSSELL MEEKER, GUARDIANS OF
JAKE RUSSELL MEEKER,

      Plaintiff,

v.                                   **Case No.: D-307-CV-2020-01556**

WALMART INC.,                   **Martin, James T.**

      Defendant.

## NOTICE AND RECEIPT OF SUMMONS AND COMPLAINT

TO:   **WALMART, INC.**
      c/o Corporation Process Company, Registered Agent, or any other authorized officer or
      agent therein at 726 E. Michigan, Suite 330, Hobbs, New Mexico 88240
      and/or wherever it may be found

      The enclosed summons and complaint are served pursuant to Paragraph E of Rule 1-004

NMRA of the New Mexico Rules of Civil Procedure.

      You must sign and date the receipt. If you are served on behalf of a corporation,

unincorporated association (including a partnership) or other entity, you must indicate under your

signature your relationship to that entity. If you are served on behalf of another person and you

are authorized to receive process, you must indicate under your signature your position or title.

      If you do not complete and return the form to the sender within twenty (20) days, you (or

the party on whose behalf you are being served) may be required to pay any expenses incurred in

serving a summons and complaint in any other manner permitted by law.

      If you do not complete and return this form, you (or the party on whose behalf you are

being served) must answer the complaint within thirty (30) days of the date upon which this notice

was mailed, which appears below.  If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Receipt of Summons, Summons, Plaintiff's Original Complaint, Plaintiff's Jury Request, Order Requiring Scheduling Reports, A Discovery Plan, Expert Witness Disclosure, and Limiting Stipulations to Enlarge Time for Responsive Pleadings, Plaintiff's First Set of Interrogatories to Defendant; and Plaintiff's First Requests for Production of Documents to Defendant, were mailed by certified mail return receipt requested, on the _____ day of August, 2020.

_____
Signature

_____
Date of Signature

## RECEIPT OF SUMMONS AND COMPLAINT

I received a copy of the Summons, Plaintiff's Original Complaint, Plaintiff's Jury Request, Order Requiring Scheduling Reports, A Discovery Plan, Expert Witness Disclosure, and Limiting Stipulations to Enlarge Time for Responsive Pleadings, Plaintiff's First Set of Interrogatories to Defendant, and Plaintiff's First Request for Production of Documents and Things to Defendant in the above-captioned matter at 726 E. Michigan, Suite 330, Hobbs, New Mexico 88240.

_____
Signature

_____
Relationship to entity/authority to
receive service of process

_____
Date of Signature

*Jake Russell Meeker v. Walmart Inc.*
NOTICE AND RECEIPT OF SUMMONS AND COMPLAINT

SUMMONS

| THIRD JUDICIAL DISTRICT COURT<br>DONA ANA COUNTY, NEW MEXICO<br>201 W. Picacho Avenue<br>Las Cruces, NM 88005 | D-307-CV-2020-01556<br>JUDGE: Martin, James T. |
|---|---|
| GRACIE GOMEZ-MEEKER, and RUSSELL MEEKER, Guardians of JAKE RUSSELL MEEKER,<br><br>      Plaintiffs,<br><br>vs.<br><br>WALMAR INC.,<br><br>      Defendant. | Defendant:<br>Walmart Inc. may be served through its registered agent, Corporation Process Company, or any other authorized officer or agent at 726 E. Michigan, Suite 330, Hobbs, New Mexico 88240 and/or where ever it may be found. |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address listed above.

3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgement against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at ___Las Cruces___ , New Mexico, this __29th__ day of ____July____ , 2020.

CLERK OF COURT
David S. Borunda.

By: _Yessenia Canales_

      ~~Deputy~~
Judicial Specialist II, Yessenia Canales

_Connie J. Flores_

Signature of Attorney for Plaintiff
CONNIE J. FLORES
cflores@ftalawfirm.com
Flores, Tawney & Acosta, PC
1485 N. Main St., Ste. B
Las Cruces, NM 88001
(575)222-1000
(575)652-4752 Facsimile

DISTRICT COURT
D.C. SEAL
DONA ANA COUNTY

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

D-307-CV-2020-01556

Martin, James T.

| STATE OF TEXAS | ) | |
| | ) | ss |
| COUNTY OF | ) | |

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this suit, and that I served this summons in_____ County on the _____day of _____, 2020 , by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to defendant_____(*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summon, with a copy of complaint attached, in the following manner:

[ ] to_____, a person over fifteen (15) years of age and residing at the usual place of adobe of defendant_____, (*used when the defendant is not presently at place of adobe*) and by mailing by first class mail to defendant at _____(*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to_____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to defendant at _____(*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at_____(*insert defendant's last known mailing address*).

[ ] to_____, and agent authorized to receive service of process for defendant_____.

[ ] to _____[parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ] to_____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees:_____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of_____ 2020.

_____
Judge, Notary or other Officer
authorized to Administer Oaths

_____
Official Title

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
2/1/2021 2:52 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Josephina Gomez

**STATE OF NEW MEXICO**
**DONA ANA COUNTY**
**THIRD JUDICIAL DISTRICT COURT**

**JAKE RUSSELL MEEKER**
  **V.**
**WALMART INC.**       **No. D-307-CV-2020-01556**

## DISPOSITION ORDER FOR LACK OF PROSECUTION

   THIS MATTER having come before the Court on its own motion, it appearing that no significant action has been taken in 180 or more days in connection with any and all pending claims,

   IT IS THEREFORE ORDERED that all pending claims are dismissed without prejudice. Within thirty (30) days after service of this order, any party may move for reinstatement. If other parties have filed an appearance, movant shall comply with Rule 1-007.1 NMRA.  Failure to comply with these requirements will result in the denial of the motion without hearing.

   IT IS FURTHER ORDERED that all writs, judgments, final orders, or stipulations previously filed herein shall remain in full force and effect unless otherwise ordered.

           THE HONORABLE JAMES T. MARTIN
           DISTRICT JUDGE

### CERTIFICATE OF SERVICE

I, the undersigned Employee of the District Court of Dona Ana County, New Mexico, do hereby certify that I served a copy of this document to all parties listed below on 2/1/2021.

CONCEPCION J. FLORES     FLORES TAWNEY & ACOSTA PC
           1485 N MAIN STREET SUITE B
           LAS CRUCES NM  88001

        By:          
          Kimberly Barraza
          TCAA

JAG

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
2/26/2021 4:51 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Rosie Stewart

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT

GRACIE GOMEZ-MEEKER, and
RUSSELL MEEKER, GUARDIANS OF
JAKE RUSSELL MEEKER,

      Plaintiff,

v.                                                            Case No.: D-307-CV-2020-01556

WALMART INC.,                                     Martin, James T.

      Defendant.

## <u>UNOPPOSED MOTION TO REINSTATE DISMISSED CASE</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, GRACIE GOMEZ-MEEKER and RUSSELL MEEKER, Guardians of JAKE RUSSELL MEEKER, by and through their attorney, Connie J. Flores, Flores, Tawney &Acosta P.C., and hereby moves this Court to reinstate this matter pursuant to Rule 1-0471(E)(2), which was dismissed on February 1, 2021, and in support of this Motion respectfully shows this Honorable Court as follows:

1.      On July 29, 2020, Plaintiff filed his Original Complaint against his previous employer Walmart Inc., (or "Defendant") asserts statutory claims against Defendant pursuant to N.M. Stat. Ann. §28-1-7 for age and national origin discrimination as well as common law tort claims.

2.      On August 31, 2020, Defendant was served by serving its' Registered Agent, Corporation Process Company at 726 E, Michigan, Suite 330, Hobbs New Mexico, 88240. *See Exhibit "A" attached hereto.*

3.      To date, Defendant has not filed an answer.

4.      Plaintiffs' Counsel would show due to ongoing global pandemic, Plaintiff's counsel has faced challenges as the result of COVID-19.  Furthermore, Plaintiff's counsel was directly impacted by COVID-19 several times last year, causing unintentional delay in process. *See Exhibit "B" attached hereto.*

5.      Rule 1-041(E)(2) is designed to allow district courts "to clear deadwood from the docket," not to penalize the plaintiffs who are attempting to bring a case to final determination and have demonstrated the viability of the action. *Vigil v. Thriftway Mktg. Corp.*, 117 N.M. 176, 176-80, 870 P.2d 138, 141-42 (Ct. App. 1994).

6.      Rule 1-041(E)(2) provides that a district court that dismisses a case on its own motion following a 180-day period of inactivity should reinstate the case if good cause is shown for the inactivity.  Courts have held that the "good cause" required for reinstatement of a case after dismissal without notice following a relatively short period of time should be construed liberally. *Id.*

7.      "To show good cause, the party filing the motion to defer dismissal must demonstrate to the court that he is ready, willing, and able to proceed with the prosecution of his claim and that the delay in prosecution is not wholly without justification. If the party makes this showing, the court should regard the case as viable and defer dismissal." *Id.* (citing *Stewart v. Webb*, No. 0152, 2016 Md. App. LEXIS 684 (Ct. Spec. App. 2016) (internal quotation marks omitted).

8.      "The concern for judicial efficiency should not eclipse the ultimate goal of our justice system, which is to provide fair resolutions on the merits of claims brought before our courts." *Id.*

9.      Plaintiffs' Counsel will attempt to locate a designated individual for Defendant in order to obtain an answer on behalf of Defendant.

10.      Plaintiffs' Counsel's failure to seek a Judgement, was purely inadvertent and has been the result of delays caused by the COVID-19 pandemic.  As outlined above, good cause exists to reinstate this case.  As such, Plaintiff respectfully requests that the Court order the reinstatement of Plaintiff's case so that Plaintiff may immediately move forward, and justice be served.



Respectfully submitted,

FLORES, TAWNEY, & ACOSTA, P.C.

CONNIE J. FLORES
NM State Bar No. 26531
1485 N. Main St., Suite B
Las Cruces, NM  88001
Phone: (575) 222-1000
Facsimile: (575) 652-4752
cflores@ftalawfirm.com

*ATTORNEY FOR PLAINTIFF*

# Exhibit "A"



# FLORES | TAWNEY | ACOSTA P.C.
Injury & Employment Attorneys

**El Paso Office:**
906 N. Mesa St., 2nd Floor
El Paso, TX 79902
Phone: (915) 308-1000
Facsimile: (915) 300-0283

**Las Cruces Office:** *
1485 N. Main St., Suite B
Las Cruces, NM 88001
Phone: (575) 222-1000
Facsimile: (575) 652-4752

**Carlsbad Office:**
102 W. Hagerman St., Suite D
Carlsbad, NM 88220
Phone: (575) 222-1000
Facsimile: (575) 652-4752

**Web:**
https://ftalawfirm.com

*Principal Office

*All attorneys licensed to practice law in New Mexico and Texas.*

August 15, 2020

Walmart Inc.
c/o Corporation Process Company
726 E. Michigan, Suite 330
Hobbs, NM 88240

**_Via: Certified Mail, Return Receipt Requested_**
Re: *Gracie Gomez-Meeker, and Russell Meeker, Guardians of Jake Russell Meeker v.
Walmart Inc.; In the Third Judicial District Court in Dona Ana County, New Mexico;
Cause No. D-307-CV-2020-01156*

Dear Sir or Madam:

I enclose the following:

1. Two copies of the Issued Summons to Defendant Walmart Inc.;
2. Two copies of the Notice of Receipt of Summons and Complaint;
3. Copy of Plaintiff's Original Complaint for Personal Injury and Damages;
4. Copy of Plaintiff's Jury Request;
5. Copy of Plaintiff's First Set of Interrogatories to Defendant;
6. Copy of Plaintiff's First Request for Production of Documents and Things to Defendant;
7. Order Requiring Scheduling Reports; and
8. Postage prepaid envelope.

**YOU HAVE BEEN SUED.** Please be advised that you are hereby served. Please sign one copy of the Summons and one copy of the Notice of Receipt of Summons and Complaint and return them both to me in the postage prepaid envelope.



PLAINTIFF'S
EXHIBIT
A

Very truly yours,

CONNIE J. FLORES
*Attorney at Law*

CJF/ps
Enclosures

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  Walmart Inc. c/o Corp. Process

Street and Apt. No., or PO Box No.  724 E. Michigan, Ste 330

City, State, ZIP+4®  Hobbs NM 88240

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

9059 4078 3278 3002 1120 7019

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Walmart Inc.
C/o Corporation Process Co.
724 E. Michigan, Ste 330
Hobbs, NM 88240

9590 9402 5145 9122 3333 98

2. Article Number (Transfer from service label)
7019 1120 0002 3278 8049

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X /s/ - 18 C - 19
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
CORPORATION PROCESS    8-31-20

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

Exhibit "B"

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT

GRACIE GOMEZ-MEEKER, and
RUSSELL MEEKER, GUARDIANS OF
JAKE RUSSELL MEEKER,

      Plaintiff,

v.                             Case No.: D-307-CV-2020-01556

WALMART INC.,               Martin, James T.

      Defendant.

## AFFIDAVIT OF CONNIE J. FLORES

| THE STATE OF TEXAS | § |
| --- | --- |
| | § |
| COUNTY OF EL PASO | § |

      CONNIE J. FLORES, being duly sworn, deposes and says:

1.    "That I am a licensed attorney duly licensed to practice in the State of New Mexico.  I maintain an office at 1485 N. Main, Suite B, Las Cruces, New Mexico 88001.

2.    "I was forced to close my office several times last year due to several COVID positive cases within my staff."

3.    "In October 2020, I had to unexpectedly close my offices in El Paso, Texas and Las Cruces, New Mexico, for two weeks, out of an abundance of caution due to El Paso having an extremely high count of COVID positive cases in the area, resulting in no available hospital beds in El Paso County.  Concurrently, my Legal Assistant, Angel Vasquez, was out of the office for fourteen (14) days due to COVID exposure, causing delays in routine case management."

4.    "On or about November 1, 2020, my Son became extremely ill and was hospitalized with COVID for over a week.  As a result, I quarantined myself and was unable to go into my office(s) for fourteen (14) days.  I am my son's sole caretaker and cared for him following his release from the hospital. Out of an abundance of caution, I was not going into my office(s) during this time to reduce the risk of transmission of the virus to my staff while I cared for my son."

PLAINTIFF'S
EXHIBIT
B.

*Jake Russell Meeker v. Walmart Inc.*
**PLAINTIFF'S UNNOPPOSED MOTION TO REINSTATE**

5.    "On or about December 1, 2020, my grandfather was rushed to the hospital after becoming very ill with COVID.  My Grandfather passed away from COVID on December 7, 2020. I was out of the office on bereavement for ten (10) days."

6.    "On or about December 28, 2020, I became suddenly ill, but thought I had a minor cold.  I self-quarantined as a precautionary measure, however, on or about January 4, 2021, I was rushed to the hospital and was ultimately admitted after testing positive for COVID with high fevers and Pneumonia.  I was released from the hospital on January 8, 2021.   I continued to suffer from COVID complications for weeks following my release from the hospital.  This caused significant delays in administrative procedures at my office due to me being unexpectedly out of the office and out of reach during my hospitalization."

I have reviewed this statement which consists of 6 paragraphs, and hereby solemnly swear that it is true and complete to the best of my knowledge and belief.

Respectfully submitted,

FLORES, TAWNEY & ACOSTA P.C.

CONNIE J. FLORES
NM State Bar No. 26531
1485 N. Main St., Suite B
Las Cruces, NM  88001
Phone: (575) 222-1000
Facsimile: (575) 652-4752
cflores@ftalawfirm.com

SWORN TO AND SUBSCRBED BEFORE ME on this 23rd day of Febnay, 2021, to certify which witness my hand and seal of office.

Maria F. Cayton
Notary Public, State of Texas
Comm. Expires 11/11/2024
Notary ID 13277594-1

NOTARY PUBLIC of the
State of Texas

My Commission Expires:

11/11/2024

*Jake Russell Meeker v. Walmart Inc.*
**PLAINTIFF'S UNNOPPOSED MOTION TO REINSTATE**

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
2/26/2021 4:51 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Rosie Stewart

GRACIE GOMEZ-MEEKER, and
RUSSELL MEEKER, GUARDIANS OF
JAKE RUSSELL MEEKER,

      Plaintiff,

v.                                                          Case No.: D-307-CV-2020-01556

WALMART INC.,                                Martin, James T.

      Defendant.

## ATTORNEY'S CERTIFICATE

I, CONNIE J. FLORES, attorney for Plaintiff, GRACIE GOMEZ-MEEKER and

RUSSELL MEEKER, Guardians of JAKE RUSSELL MEEKER, certify pursuant to Rule 1-011

NMRA that no fee is required by Rule 1-099 NMRA because the attached paper is:

1. [ X ]   being filed within ninety (90) days of the deposition;

2. [ ]   requesting action which may be performed by the clerk of the court or seeking
   to correct a mistake in the judgment or record filed;

3. [ ]   requesting entry of a stipulated order;

4. [ ]   seeking only enforcement of a child support order;

5. [ ]   being filed by an entity exempt by law from paying a docket fee.

Respectfully submitted,

FLORES, TAWNEY, & ACOSTA, P.C.

CONNIE J. FLORES
NM State Bar No. 26531
1485 N. Main St., Suite B
Las Cruces, NM  88001
Phone: (575) 222-1000
Facsimile: (575) 652-4752
cflores@ftalawfirm.com

*ATTORNEY FOR PLAINTIFF*


   IF THE REQUIRED FEE IS NOT PAID, THE CASE WILL BE CLOSED WITHOUT
DISPOSITION OF PENDING MATTERS UNTIL PAYMENT IS MADE.


FOR CLERK'S USE ONLY

Fees Paid: [  ] Yes [  ] No [  ] Check [  ] Cash

                              Clerk:_____

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County.
4/6/2021 2:00 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Rosie Stewart

**STATE OF NEW MEXICO**
**COUNTY OF DONA ANA**
**THIRD JUDICIAL DISTRICT**

**GRACIE GOMEZ-MEEKER, and**
**RUSSELL MEEKER, GUARDIANS OF**
**JAKE RUSSELL MEEKER,**

      **Plaintiff,**

**v.**                                         **Case No.: D-307-CV-2020-01556**

**WALMART INC.,**                          **Martin, James T.**

      **Defendant.**

## ORDER GRANTING UNOPPOSED MOTION TO REINSTATE DISMISSED CASE

On this _6th_ day of _APRIL_, 2021 considered Plaintiffs Gracie Gomez Meeker

and Russell Meeker, Guardians of Jake Russell Meeker's Unopposed Motion to Reinstate

Dismissed Case.  After due consideration, the Court is of the opinion that the Motion should be

GRANTED.

Honorable James T. Martin
District Court Judge

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
4/13/2021 2:32 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Josephina Gomez

**STATE OF NEW MEXICO**
**DONA ANA COUNTY**
**THIRD JUDICIAL DISTRICT COURT**

| | | |
|---|---|---|
| **GRACIE GOMEZ-MEEKER and** | § | |
| **RUSSELL MEEKER, GUARDIANS OF** | § | |
| **JAKE RUSSELL MEEKER,** | § | |
| | § | **Cause No. D-307-CV-2020-01556** |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | Martin, James T. |
| | § | |
| **WALMART, INC.,** | § | |
| | § | |
| **Defendant.** | | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Walmart, Inc. ("Defendant") answers Plaintiff's Original Complaint as follows:

1.       Defendant admits it employed Jake Russell Meeker and admits he is an employee under the New Mexico Human Rights Act ("NMHRA"), but is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 1, therefore, those allegations are denied.

2.       Defendant admits the allegations in Paragraph 2.

3.       Defendant admits venue is proper in Dona Ana County, New Mexico but denies any remaining allegations in Paragraph 3.

4.       Defendant admits Jake Russell Meeker filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the New Mexico Human Rights Bureau ("NMHRB"). Defendant admits Plaintiff correctly cited the EEOC charge number and further admits the last sentence of paragraph 4. Defendant denies all remaining allegations in paragraph 4.

1

JAG

5.      Defendant admits Jake Russell Meeker worked for Walmart as a stock associate/ cart pusher and admits that Jake Russell Meeker did not receive any written discipline from Defendant. Defendant denies all remaining allegations in paragraph 5.

6.      Defendant admits the Determination of No Probable Cause repeats Plaintiff's allegations that his guardian reported disparate treatment based on disability but denies that the NMHRB found any such complaint was made. Defendant denies all remaining allegations in paragraph 6.

7.      Defendant denies the allegations in paragraph 7.

8.      Defendant denies the allegations in paragraph 8.

9.      Defendant denies the allegations in paragraph 9.

10.     Defendant denies the allegations in paragraph 10.

11.     Defendant admits Plaintiff resigned. Defendant denies all remaining allegations in paragraph 11.

12.     Defendant denies the allegations in paragraph 12.

13.     Defendant denies the allegations in paragraph 13.

14.     Defendant denies the allegations in paragraph 14.

15.     Paragraph 15 merely identifies the claim Plaintiff intends to assert, which can be neither admitted nor denied. However, Defendant denies that Plaintiff is entitled to any relief based on that claim.

16.     Defendant admits the NMHRA prohibits enumerated forms of discrimination, but denies any allegation in paragraph 16 that Plaintiff can use the NMHRA to also assert a claim for retaliatory discharge.

2

17.     Paragraph 17 is a statement of law that can be neither admitted nor denied.

18.     Paragraph 18 is a statement of law that can be neither admitted nor denied.

19.     Paragraph 19 is a statement of law that can be neither admitted nor denied.

20.     Defendant denies the allegations in paragraph 20.

21.     Defendant denies the allegations in paragraph 21.

22.     Paragraph 22 is a statement of law that can be neither admitted nor denied.

23.     The first two sentences of Paragraph 23 contain statements of law that can be neither admitted nor denied. Defendant denies all remaining allegations of paragraph 23.

24.     Defendant denies the allegations in paragraph 24.

25.     Defendant denies the allegations in paragraph 25.

26.     Defendant denies the allegations in paragraph 26.

27.     Paragraph 27 (incorrectly labelled as paragraph 40) is a jury request that can be neither admitted nor denied.

28.     Defendant denies the allegations in Paragraph 28 (incorrectly labelled as paragraph 27).

29.     Defendant denies the allegations in Paragraph 29 (incorrectly labelled as paragraph 28).

**DEFENSES**

30.     Plaintiff's Original Complaint fails to state a claim upon which relief can be granted.

31.     The Court lacks jurisdiction over some or all of Plaintiff's claims.

32.     Plaintiff has failed to exhaust his administrative remedies.

3

33.     Plaintiff's claims are barred by the applicable statute of limitations.

34.     To the extent that Plaintiff seeks to recover for claims not raised in an underlying

charge of discrimination or claims not timely filed in his charge, Plaintiff's claims

are barred.

35.     All employment decisions made and actions taken regarding Plaintiff were based

on legitimate, nondiscriminatory reasons.

36.     To the extent that Plaintiff may be able to prove that an improper motive was a

factor in any relevant employment decision at issue in this case, the same

employment decision would have been made regardless of any improper motive.

37.     Plaintiff has failed to mitigate his damages.

Accordingly, Defendant requests that Plaintiff take nothing by this action and that

Defendant receive all relief to which it is entitled.

> Respectfully submitted,
>
> KEMP SMITH LLP
> P.O. Box 2800
> El Paso, Texas  79999-2800
> (915) 533-4424
> (915) 546-5360 (FAX)
>
>
> By:     */s/ Clara B. Burns*
> CLARA B. BURNS
> State Bar No. 7738
> Clara.Burns@kempsmith.com
> JOSE A. GONZALEZ
> State Bar No. 140798
> Abe.Gonzalez@kempsmith.com
>
> Attorneys for Defendant

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on attorneys for Plaintiff, Connie J. Flores, Flores, Tawney & Acosta, P.C., 1485 N. Main Street, Suite B, Las Cruces, New Mexico 88001, this 13th day of April, 2021, as follows:

☐    Regular Mail, Postage Prepaid
☐    Hand Delivery
☐    Certified Mail, Return Receipt Requested
X    Electronic Transmission:    Cflores@ftalawfirm.com
☐    Facsimile Transmission    (575) 652-7452

*/s/ Jose A. Gonzalez*
JOSE A. GONZALEZ

5

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
4/13/2021 2:32 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Josephina Gomez

**STATE OF NEW MEXICO**
**COUNTY OF DONA ANA**
**THIRD JUDICIAL DISTRICT**

| | | |
|---|---|---|
| **GRACIE GOMEZ-MEEKER, and** | § | |
| **RUSSELL MEEKER, GUARDIANS OF** | § | |
| **JAKE RUSSELL MEEKER** | § | |
| | § | |
| **Plaintiff,** | § | **Case No.: D-307-CV-2020-01556** |
| | § | |
| **v.** | § | Martin, James T. |
| | § | |
| **WAL MART INC.,** | § | |
| | § | |
| **Defendant.** | | |

## <u>ENTRY OF APPEARANCE</u>

Attorneys Clara B. Burns and Jose "Abe" Gonzalez, with the law firm of Kemp Smith LLP,

221 North Kansas, Suite 1700, El Paso, Texas 79901, hereby enter their appearances as counsel

for Defendant.

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
915.533.4424
915.546.5360 (FAX)

By:   */s/ Clara B. Burns*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
CLARA B. BURNS
State Bar No. 7738
clara.burns@kempsmith.com
JOSE A. GONZALEZ
State Bar No. 140798
Abe.Gonzalez@kempsmith.com

Attorneys for Defendant

1

40V3724.DOCX

JAG

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that a true and correct copy of the foregoing document was served on attorneys for Plaintiff, Connie J. Flores, Flores, Tawney & Acosta, P.C., 1485 N. Main Street, Suite B, Las Cruces, New Mexico 88001, this 13th day of April, 2021, as follows:

☐      Regular Mail, Postage Prepaid
☐      Hand Delivery
☐      Certified Mail, Return Receipt Requested
X      Electronic Transmission:      Cflores@ftalawfirm.com
☐      Facsimile Transmission      (575) 652-7452

                              */s/ Jose A. Gonzalez*
                              JOSE A. GONZALEZ

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
4/13/2021 2:32 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Josephina Gomez

**STATE OF NEW MEXICO**
**COUNTY OF DONA ANA**
**THIRD JUDICIAL DISTRICT**

| | | |
|---|---|---|
| **GRACIE GOMEZ-MEEKER, and** | § | |
| **RUSSELL MEEKER, GUARDIANS OF** | § | |
| **JAKE RUSSELL MEEKER** | § | |
| | § | |
| **Plaintiff,** | § | **Case No.: D-307-CV-2020-01556** |
| | § | |
| **v.** | § | |
| | § | |
| **WAL MART INC.,** | § | |
| | | |
| **Defendant.** | | |

<u>**DEFENDANT'S 12-PERSON JURY DEMAND**</u>

Defendant Walmart, Inc. ("Defendant") hereby demands a trial by jury of 12 persons

pursuant to Rule 1-038 NMRA; the appropriate fee having been paid.

                                        Respectfully submitted,

                                        KEMP SMITH LLP
                                        P.O. Box 2800
                                        El Paso, Texas 79999-2800
                                        (915) 533-4424
                                        (915) 546-5360 (FAX)


                        By:     */s/ Clara B. Burns*_____
                                        CLARA B. BURNS
                                        State Bar No. 7738
                                        Clara.Burns@kempsmith.com
                                        JOSE A. GONZALEZ
                                        State Bar No. 140798
                                        Abe.Gonzalez@kempsmith.com

                                        Attorneys for Defendant

1

JAG

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on attorneys for Plaintiff, Connie J. Flores, Flores, Tawney & Acosta, P.C., 1485 N. Main Street, Suite B, Las Cruces, New Mexico 88001, this 13th day of April, 2021, as follows:

☐ Regular Mail, Postage Prepaid
☐ Hand Delivery
☐ Certified Mail, Return Receipt Requested
X Electronic Transmission:       Cflores@ftalawfirm.com
☐ Facsimile Transmission        (575) 652-7452

*/s/ Jose A. Gonzalez*

JOSE A. GONZALEZ

2

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
5/27/2021 10:27 AM
DAVID S. BORUNDA
CLERK OF THE COURT
Elisabet Telles

**STATE OF NEW MEXICO**
**DONA ANA COUNTY**
**THIRD JUDICIAL DISTRICT COURT**

**GRACIE GOMEZ-MEEKER and**          §
**RUSSELL MEEKER, GUARDIANS OF**     §
**JAKE RUSSELL MEEKER,**             §
                                     §
      **Plaintiffs,**                §
                                     §
**v.**                               §
                                     §
**WALMART, INC.,**                   §
                                     §
      **Defendant.**

    **Cause No. D-307-CV-2020-01556**

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties in the above-captioned matter have agreed that these proceedings may involve the discovery and use of confidential, non-public, sensitive, or proprietary business, employment, tax, financial, and personally identifiable information, documents and other materials;

WHEREAS, the parties have agreed to produce such documents only on the agreement that such "Confidential Information" including information regarding current and former Walmart Inc. employees' social security information, dates of birth, personal banking information, medical information, and records stating the actual rates of pay at Walmart Inc. and corporate trade secrets, nonpublic research and development data, pricing formulas, prospective inventory management programs, confidential business information not generally known to the general public, and customer-related information, will be disclosed only as provided herein;

WHEREAS, the parties have agreed to stipulate to protect certain confidential and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of

1

40W8125.DOCX

waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a parties' discovery request, or informal production.

WHEREAS, both parties may be required to produce large volumes of Documents, the parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other proceedings, and in addition to their agreement, need the additional protections of a Court Order to do so.

WHEREAS, in order to comply with applicable discovery deadlines, a party may be required to produce certain categories of Documents that have been subject to minimal or no attorney review (the "Disclosures"). This Stipulation and Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

      (a)      was not inadvertent by the Producing Party;

      (b)      that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

      (c)      that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

      (d)      that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

WHEREAS, because the purpose of this Stipulation is to protect and preserve Confidential Information and privileged Documents, the parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

THEREFORE, the parties seek the entry of an Order, pursuant to the New Mexico Rules

2

of Civil Procedure governing the disclosure of documents and information therein pertaining to

"Confidential Information" on the terms set forth herein, as well as an Order governing the return

of inadvertently produced documents and data and affording them the protections of the New

Mexico Rules of Evidence, on the terms set forth herein.

## IT IS HEREBY STIPULATED AND AGREED THAT:

1.      The Protective Order shall be entered pursuant to the New Mexico Rules of Civil

Procedure and New Mexico Rules of Evidence.

2.      The Protective Order shall govern all materials deemed to be "Confidential

Information." Such Confidential Information shall include the following:

> (a)   Any and all documents referring or related to confidential and proprietary
> human resources or business information; financial records of the parties;
> compensation of Defendants' current or former personnel; policies,
> procedures or training materials of Defendants; or Defendants'
> organizational structure;
>
> (b)   Any documents from the personnel, medical or workers' compensation file
> of any current or former employee or contractor;
>
> (c)   Any documents relating to the medical or health information of any of
> Defendants' current or former employees or contractors;
>
> (d)   Any portions of depositions (audio or video) where Confidential
> Information is disclosed or used as exhibits.

3.      The Protective Order shall likewise govern all materials deemed "Attorneys' Eyes

Only", which materials shall include the following:

> (a)   Any documents containing corporate trade secrets, nonpublic research and
> development data, pricing formulas, prospective inventory management
> programs, confidential business information not generally known to the
> general public, and customer-related information.

4.      In the case of documents and the information contained therein, designation of

Confidential Information produced shall be made by placing the following legend on the face of

the document and each page so designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"

3

40W8125.DOCX

or otherwise expressly identified as confidential or attorneys' eyes only. Defendants will use their best efforts to limit the number of documents designated Confidential or Attorneys' Eyes Only.

5.      Except as required by law or executive order, Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

6.      Qualified recipients of documents marked "ATTORNEYS' EYES ONLY" shall include only the following:

(a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each.

Qualified recipients of documents marked "CONFIDENTIAL" shall include only the following:

(a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each.

(b) Deposition notaries and staff;

(c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(d) Deponents during the course of their depositions or potential witnesses of this case; and

(e) The parties to this litigation, their officers, and professional employees.

4

7.      Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom Confidential Information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential Information during their deposition but shall not be permitted to keep copies of said Confidential Information nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential Information that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

8.      In the event that any documents or other materials previously identified as confidential are marked as exhibits or otherwise generally discussed during the taking of a deposition in this action, the exhibit, and all portions of the relevant deposition transcript in which the exhibit is discussed and/or referenced, shall immediately be deemed confidential, and therefore subject to the terms of this Protective Order.

9.      No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of

5

such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

10.     All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

11.     Whenever a party wishes to file any writing designated as Confidential with the Court, the party may either (a) redact any and all information contained on any page that is marked Confidential before filing said document with the Court, (b) if the party wishing to file said writing is the party that originally designated the document as Confidential that party may, at their discretion, redact only that information that it deems Confidential from any page that is marked Confidential before filing with the Court or (c) separately file the document under seal with the Court. If a party wishes to file a document that has been marked Confidential with the Court, the party will follow all rules and practices followed by the Court regarding filing a document under seal, including filing a motion establishing good cause for the document to be preserved under seal if necessary, prior to so filing.

12.     The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated Confidential pursuant to this Order.

13.     Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the parties may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request.

6

14.     The parties agree to and the Court orders protection of privileged and otherwise

protected Documents against claims of waiver (including as against third parties and in other

federal and state proceedings) as follows:

     (a)     The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

     (b)     The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

     (c)     If, during the course of this litigation, a party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

          (i)     the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

          (ii)     If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the New

Mexico Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(d)     If, during the course of this litigation, a party determines it has produced a Protected Document:

    (i)     the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents.  Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing.  The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the New Mexico Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

    (ii)     the Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

(e)     To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs (c)(ii) and (d)(i), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

8

(f)     The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

     (i)    the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

     (ii)   the disclosure of the Protected Documents was not inadvertent;

     (iii)  the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

     (iv)  the Producing Party failed to take reasonable or timely steps to rectify the error.

(g)    Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

(h)    Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

(i)     Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness or the segregation of privileged or protected information before such information is produced to another party.

15.     Subject to the Rules of Evidence, a stamped Confidential document and other Confidential Information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for the party or other person that designated the information as Confidential. Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary

9

disclosure. The court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial.

16.     If another court or an administrative agency subpoenas or orders production of stamped Confidential documents which a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as Confidential of the pendency of such subpoena or order.

17.     Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

18.     Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

19.     Once executed by all parties, the Stipulation shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.

**SO ORDERED.**

5 / 25 / 2021

**Date**

**JUDGE PRESIDING**

Approved as to form and substance:

_/s/ Connie Flores_
Connie Flores
Attorney for Plaintiffs

_/s/ Jose A. Gonzalez_
Jose A. Gonzalez
Attorney for Defendant

10

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
5/27/2021 10:27 AM
DAVID S. BORUNDA
CLERK OF THE COURT
Elisabet Telles

**STATE OF NEW MEXICO**
**COUNTY OF DOÑA ANA**
**THIRD JUDICIAL DISTRICT COURT**


**GRACIE GOMEZ-MEEKER AND RUSSELL**
**MEEKER, GUARDIANS OF JAKE RUSSELL**
**MEEKER,**

            **Plaintiffs,**

v.

**WALMART INC.,**                          **No. CV-2020-01556**
                                           **JAMES T. MARTIN**

        **Defendant.**

### NOTICE OF INTENT TO DISMISS

This matter will be dismissed unless you comply with Local Rule 3-203 within ten

(10) days after service of this Notice.

_____
**JAMES T. MARTIN**
District Judge, Division VI

### Certificate of Service

I, the undersigned Employee of the District Court of Doña Ana County, New Mexico, do hereby certify that I served a copy of this document to all parties entitled to notice on the date of filing.

_____
Kimberly D. Barraza
Trial Court Administrative Assistant

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
5/28/2021 3:01 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Amy Moncayo

**STATE OF NEW MEXICO**
**COUNTY OF DONA ANA**
**THIRD JUDICIAL DISTRICT**

|  |  |  |
|---|---|---|
| **GRACIE GOMEZ-MEEKER, and** | § | |
| **RUSSELL MEEKER, GUARDIANS OF** | § | |
| **JAKE RUSSELL MEEKER** | § | |
| | § | |
| **Plaintiff,** | § | **Case No.: D-307-CV-2020-01556** |
| | § | Martin, James T. |
| **v.** | § | |
| | § | |
| **WAL MART INC.,** | § | |
| | | |
| **Defendant.** | | |

## CERTIFICATE OF SERVICE

Comes now Kemp Smith LLP (Clara B. Burns), counsel for Defendant, and does hereby certify that on the 28th day of May, 2021, the following documents were served on counsel for Plaintiffs Gracie Gomez-Meeker and Russell Meeker via electronic mail:

1.   Defendant's Objections and Responses to Plaintiffs' First Request for Production;
2.   Defendant's Objections and Answers to Plaintiffs' First Set of Interrogatories; and
3.   Defendant's Bates Stamp Production of Documents (000001 – 000251).

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
915.533.4424
915.546.5360 (FAX)

By:   _/s/ Jose A. Gonzalez_
CLARA B. BURNS
State Bar No. 03443600
clara.burns@kempsmith.com
JOSE A. GONZALEZ
State Bar No. 24067670
Abe.Gonzalez@kempsmith.com

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on attorneys for Plaintiff, Connie J. Flores, Flores, Tawney & Acosta, P.C., 1485 N. Main Street, Suite B, Las Cruces, New Mexico 88001, this 28th day of May, 2021, as follows:

☐      Regular Mail, Postage Prepaid
☐      Hand Delivery
☐      Certified Mail, Return Receipt Requested
X      Electronic Transmission:     Cflores@ftalawfirm.com
☐      Facsimile Transmission     (575) 652-7452

*/s/ Jose A. Gonzalez*
JOSE A. GONZALEZ

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
6/8/2021 9:48 AM
DAVID S. BORUNDA
CLERK OF THE COURT
Josephina Gomez

**STATE OF NEW MEXICO**
**COUNTY OF DONA ANA**
**THIRD JUDICIAL DISTRICT**

**GRACIE GOMEZ-MEEKER, and**
**RUSSELL MEEKER, GUARDIANS OF**
**JAKE RUSSELL MEEKER,**

     **Plaintiff,**

v.                         **Case No.: D-307-CV-2020-01556**

**WALMART INC.,**             **Martin, James T.**

     **Defendant.**

## JOINT SCHEDULING REPORT STIPULATING TO TRACK C

The parties to this case stipulate as follows:

1.     This case should be assigned to Track C.

2.     Jurisdiction and Venue: Stipulated.

3.     12 person jury trial

4.     Significant legal issues, if any: None known at this time, but may arise during the course of discovery. This is a wrongful termination case.

5.     Trial witnesses presently known (Plaintiff's, Defendants', etc.)

**A.**     **Plaintiff**

Jake Meeker by and through his parents, Gracie Gomez Meeker and Jake Russell Meeker.
c/o Connie J. Flores
Flores Tawney & Acosta, P.C.
1485 N. Main Street, Suite B
Las Cruces, NM 88001
(575) 222-1000
Plaintiff is expected to testify as to all issues raised in the Complaint and Answer and Plaintiff's injuries and damages.

Gracie Gomez Meeker
c/o Connie J. Flores
Flores Tawney & Acosta, P.C.
1485 N. Main Street, Suite B
Las Cruces, NM 88001
(575) 222-1000
Plaintiff's mother is expected to testify as to all issues raised in the Complaint and Answer and Plaintiff's injuries and damages.

Russell Meeker
c/o Connie J. Flores
Flores Tawney & Acosta, P.C.
1485 N. Main Street, Suite B
Las Cruces, NM 88001
(575) 222-1000
Plaintiff's father is expected to testify as to all issues raised in the Complaint and Answer and Plaintiff's damages

Nick *(last name unknown)*
c/o Walmart
3331 Rinconada
Las Cruces, NM 88011
(575) 680-3772
Nick was Plaintiff's shift supervisor at the time of the incident. He is expected to testify as to all issues raised in the Complaint and Answer and Plaintiff's damages.

Cheona Archuleta
c/o Walmart
3331 Rinconada
Las Cruces, NM 88011
(575) 680-3772

Ms. Archuleta was the Store Manager at the time of Plaintiff's employment with Defendant. She is expected to testify as to all issues raised in the Complaint and Answer and Plaintiff's damages.

Deanna Leyba
c/o Walmart
3331 Rinconada
Las Cruces, NM 88011
(575) 680-3772

Ms. Leyba was the Assistant Store Manager at the time of the incident. She is expected to testify as to all issues raised in the Complaint and Answer and Plaintiff's damages.

Jasmine Williams
c/o Walmart
3331 Rinconada
Las Cruces, NM 88011
(575) 680-3772

Ms. Williams was a Customer Service Manager at the time of the incident. She was the employee who was bullying Plaintiff and began calling him names.  She is expected to testify as to all issues raised in the Complaint and Answer and Plaintiff's injuries.

BarrieAnn Cummings
c/o Walmart
3331 Rinconada
Las Cruces, NM 88011
(575) 680-3772

Ms. Cummings was the People Greeter at Walmart.  She is the associate who overheard Jasmine Williams name calling the Plaintiff.  She is expected to testify as to all issues raised in the Complaint and Answer and Plaintiff's damages.

Linda (*last name unknown*)
c/o Walmart
3331 Rinconada
Las Cruces, NM 88011
(575) 680-3772

Linda worked as a Human Resources Representative at Walmart during Plaintiff's employment.  Gracie Meeker, made reports of the improper behavior to her.   She is expected to testify as to all issues raised in the Complaint and Answer and Plaintiff's damages.

Sandy (*last name unknown*)
c/o Walmart
3331 Rinconada
Las Cruces, NM 88011
(575) 680-3772

Sandy worked as a Human Resources Representative at Walmart during Plaintiff's employment.  Gracie Meeker, made reports of the improper behavior to her.   She is expected to testify as to all issues raised in the Complaint and Answer and Plaintiff's damages.

*Gracie Gomez Meeker et al v. Walmart*
**Joint Scheduling Report**

4121808.DOCX

Dr. Conchita Paz
Mountain View Medical Group
1135 S. Main St., Suite B
Las Cruces, NM 88011
(575) 525-4000

Medical provider who will testify as to Plaintiff's damages and issues raised in the Complaint.

Any witness necessary to authenticate any exhibits.

Any witnesses identified during discovery.

Any witnesses identified by Defendant.

Any individuals or experts identified by Defendant.

Plaintiff's Experts:

Further evaluation of Defendant's Discovery Responses will be required before Plaintiff can state expected expert type.


B.      Defendant

Jake Meeker by and through his parents, Gracie Gomez Meeker and Jake Russell Meeker.
c/o Connie J. Flores
Flores Tawney & Acosta, P.C.
1485 N. Main Street, Suite B
Las Cruces, NM 88001
(575) 222-1000
Plaintiff is expected to testify as to all issues raised in the Complaint and Plaintiff's injuries and damages.

Gracie Gomez Meeker
c/o Connie J. Flores
Flores Tawney & Acosta, P.C.
1485 N. Main Street, Suite B
Las Cruces, NM 88001
(575) 222-1000
Plaintiff's mother is expected to testify as to all issues raised in the Complaint and Plaintiff's injuries and damages.

Russell Meeker

c/o Connie J. Flores
Flores Tawney & Acosta, P.C.
1485 N. Main Street, Suite B
Las Cruces, NM 88001
(575) 222-1000
Plaintiff's father is expected to testify as to all issues raised in the Complaint and Plaintiff's
damages

Cheona Archuleta
Last known address:
26 Road 4995
Bloomfield, NM 87413
Ms. Archuleta is expected to testify as to all issues raised in the Complaint.

Deanna Leyba
c/o Clara B. Burns
Kemp Smith LLP
221 N. Kansas, Suite 1700
El Paso, Texas 79901
Ms. Leyba is expected to testify as to her interactions with Plaintiff and the issues raised in
the Complaint.

Jasmine Williams
c/o Clara B. Burns
Kemp Smith LLP
221 N. Kansas, Suite 1700
El Paso, Texas 79901
Ms. Williams is expected to testify as to her interactions with Plaintiff and the issues raised
in the Complaint.

BarrieAnn Cummings
c/o Clara B. Burns
Kemp Smith LLP
221 N. Kansas, Suite 1700
El Paso, Texas 79901
Ms. Cummings is expected to testify as to her interactions with Plaintiff.

Plaintiff's treating medical providers.

Any witnesses identified by Plaintiff.

Any individuals or experts identified by Plaintiff.
Defendant reserves the right to supplement this list as discovery continues and incorporates
any witnesses identifies by the parties during discovery.

*Gracie Gomez Meeker et al v. Walmart*
**Joint Scheduling Report**

4121808.DOCX

6.      Settlement: The possibility of settlement is unknown at this time, but may be possible. The parties may attempt to settle the case through informal negotiations. If the parties are unable to settle the case through informal negotiations, then they will proceed with formal mediation through an agreed mediator. The parties need to conduct some discovery (including written discovery and depositions) in order to assess the settlement potential.

7.      Discovery:  The parties estimate it will take ten (10) months to complete discovery from the filing of this report.

        Plaintiff intends to do the following discovery: written discovery and depositions.
        Defendant intends to do the following discovery: written discovery and depositions.

8.      We estimate that trial will take 2-3 days.

9.      Dates counsel will not be available for trial due to the following conflicting court settings (*beginning with the date immediately following the time you estimate discovery will be complete*):
        Plaintiff's Counsel:
        Plaintiff's counsel is unavailable on the following dates due to jury trial settings:

        January 13, 2022 - January 20, 2022;   March 10, 2022 - March 17, 2022;
        June 6, 2022 – June 10, 2022;

        Defendant's Counsel: Defendants' counsel is unavailable on the following dates due to jury trial settings:  January 3-7, 2022; January 9-10, 2022; March 28-30, 2022; May 16-20, 2022; July 11-15, 2022.

10.     Stipulations:  None at this time.

Submitted by:

*/s/ Connie J. Flores*                                  */s/ Jose A. Gonzalez*
Connie J. Flores                                       Clara Burns
Flores Tawney & Acosta, P.C.                           Jose A. Gonzalez
1485 N. Main Street, Suite B                           KEMP SMITH LLP
Las Cruces, NM 88001                                   P.O. Box 2800
 (575) 222-1000                                        El Paso, TX 79999-1977
cflores@ftalawfirm.com                                 Phone: (915) 533-4424
*Attorney for Plaintiffs*                              Facsimile: (915) 546-5360
                                                       clara.burns@kempsmith.com
                                                       abe.gonzalez@kempsmith.com
                                                       *Attorneys for Defendant*

*Gracie Gomez Meeker et al v. Walmart*
**Joint Scheduling Report**

4121808.DOCX

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
6/30/2021 11:28 AM
DAVID S. BORUNDA
CLERK OF THE COURT
Ashley Barreras

**STATE OF NEW MEXICO**
**COUNTY OF DONA ANA**
**THIRD JUDICIAL DISTRICT**

| | | |
|---|---|---|
| **GRACIE GOMEZ-MEEKER, and** | § | |
| **RUSSELL MEEKER, GUARDIANS OF** | § | |
| **JAKE RUSSELL MEEKER** | § | |
| | § | |
| **Plaintiff,** | § | **Case No.: D-307-CV-2020-01556** |
| | § | |
| **v.** | § | |
| | § | |
| **WAL MART INC.,** | § | |
| | § | |
| **Defendant.** | | |

## <u>CERTIFICATE OF SERVICE</u>

Comes now Kemp Smith LLP (Clara B. Burns), counsel for Defendant, and does hereby

certify that on the 30th day of June, 2021, the following documents were served on counsel for

Plaintiffs Gracie Gomez-Meeker and Russell Meeker via electronic mail:

1. Defendant's First Request for Production to Plaintiffs;
2. Defendant's First Set of Interrogatories to Plaintiffs; and
3. Defendant's Request for Admissions to Plaintiffs.

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
915.533.4424
915.546.5360 (FAX)

By:    */s/ Jose A. Gonzalez*
CLARA B. BURNS
State Bar No. 03443600
clara.burns@kempsmith.com
JOSE A. GONZALEZ
State Bar No. 24067670
Abe.Gonzalez@kempsmith.com
Attorneys for Defendant

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on attorneys for Plaintiff, Connie J. Flores, Flores, Tawney & Acosta, P.C., 1485 N. Main Street, Suite B, Las Cruces, New Mexico 88001, this 30th day of June, 2021, as follows:

☐      Regular Mail, Postage Prepaid
☐      Hand Delivery
☐      Certified Mail, Return Receipt Requested
X      Electronic Transmission:    Cflores@ftalawfirm.com
☐      Facsimile Transmission    (575) 652-7452

*/s/ Jose A. Gonzalez*
JOSE A. GONZALEZ

2